IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 118-086 |
| | * | |
| MATTHEW NATTINGER | * | |

**O R D E R**

Defendant Matthew Nattinger has filed a motion seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), but he specifically asserts he should be entitled to serve the remainder of his sentence on home confinement. Because the Court lacks authority to designate an inmate's place of confinement, see, e.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted)), the Court construes his motion as one for compassionate release. The Government has filed a motion to dismiss for failure to exhaust administrative remedies. Upon due consideration, the Court denies Nattinger's request for relief.

The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Nattinger provided evidence that he filed a request for home confinement under the CARES Act.[1] The BOP, however, has a different administrative process for requests to reduce sentence based upon compassionate release. Nattinger has not demonstrated that he complied with this process and therefore, he has not exhausted his administrative remedies as required prior to seeking relief in the district court. The mandatory exhaustion language of the statute essentially gives the BOP at least thirty days to consider any request for compassionate release. See Ross v. Blake, --- U.S. ---, 136 S.

---

[1] The CARES Act refers to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, enacted on March 27, 2020.

Ct. 1850, 1856 (2016) (finding that courts cannot ignore the mandatory language of the Prison Litigation Reform Act's exhaustion statute even to accommodate special circumstances). This waiting period is appropriate because the BOP is better positioned to assess an individual inmate's present circumstances. In the context of the COVID-19 pandemic, where the BOP has implemented policies and proactive measures to protect the health and safety of its prisons' populations,[2] and where the Attorney General has directed the BOP to "immediately maximize appropriate transfers to home confinement . . . where COVID-19 is materially affecting operations,"[3] the expertise and informed assessment of the BOP should not be heedlessly omitted from the process. Accord United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (stating that "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added – and critical – importance"

---

[2]  (See generally Gov't Resp. in Opp'n, Doc. 50, at 6-10 and sources cited therein.)

[3]  Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Apr. 3, 2020, *available at* https://www.justice.gov/file/1266661/download (last visited Aug. 20, 2020). See also Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Mar. 26, 2020, *available at* https://www.justice.gov/file/1262731/download (last visited Aug. 20, 2020) ("I am hereby directing you to prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic.").

in connection with the COVID-19 pandemic). Accordingly, the Court must deny Nattinger's motion for relief at this time.

Moreover, upon consideration of Nattinger's request for compassionate release, this Court may only reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons,** there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

Nattinger would bear the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). Here, he has not made any argument let alone showing justifying his release other than a generalized concern about COVID-19, which is too speculative to qualify as extraordinary and compelling. As the Third Circuit explained: "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." Raia, 954 F.3d at 597. Accordingly, Nattinger has failed to show that he qualifies under any category of extraordinary and compelling circumstances, and his motion must be denied for this reason as well.

Upon the foregoing, Defendant Matthew Nattinger's motion for compassionate release (doc. 49) is **DENIED**. The Clerk is directed to **TERMINATE** the Government's motion to dismiss (doc. 50).

**ORDER ENTERED** at Augusta, Georgia, this 20th day of August, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5